

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

CF/PL AGR

August 1, 2025

Rahul Sharma, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
1002 Broad Street
Newark, NJ 07102

      Re:    <u>Plea Agreement with Benjamin Balisage</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Benjamin Balisage ("Balisage" or the "Defendant"), and the Acting United States Attorney for the District of New Jersey ("this Office"). This offer supersedes all previous offers. This offer will expire on August 15, 2025, if it is not accepted in writing by that date. If Balisage does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Balisage to a two-count Information, which charges Balisage with (1) firearms trafficking, in violation of 18 U.S.C. § 933(a)(1); and (2) possession with intent to distribute cocaine and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

      If Balisage enters a guilty plea and is sentenced on these charges to between 72 and 90 months' imprisonment and three years of supervised release (the "Stipulated Sentencing Range") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Balisage for, from in or around December 2023 through in or around March 2024, unlawfully possessing, shipping, transporting, transferring, causing to be transported, or otherwise disposing of firearms, or conspiring with others to do the same, or for possessing with intent to distribute, and distributing, cocaine and fentanyl between November 2023 and February 2024, or for any of

the crimes or circumstances alleged in *United States v. Benjamin Balisage et al.*, 24-mj-10053.

However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* And, if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Balisage even if the applicable statute of limitations period for those charges expires after Balisage signs this agreement, and Balisage agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, Balisage may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), Balisage will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 18 U.S.C. § 933(a)(1) to which Balisage agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which Balisage agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 20 years, a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest. The sentences for each Count may run consecutive to each other, and they may run consecutive to any other term of imprisonment Balisage is currently serving.

Pursuant to Rule 11(c)(1)(C), this Office and Balisage agree that the Stipulated Sentencing Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence Balisage to between 72 and 90 months' imprisonment and three years of supervised release.

Further, in addition to imposing any other penalty on Balisage, the sentencing judge as part of the sentence:

(1) will order Balisage to pay an assessment of $100 per count (here, $200) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461; and

(3) pursuant to 21 U.S.C. § 853, must order forfeiture of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation;

(4) may deny Balisage certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a;

(5) may order Balisage to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(6) pursuant to 18 U.S.C. § 3583, may require Balisage to serve a term of supervised release of not more than three years on Count One and, pursuant to 21 U.S.C. § 841(b)(1)(C), must require Balisage to serve a term of supervised release of at least three years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should Balisage be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Balisage may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, Balisage agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearms and ammunition involved in the commission of the offense charged in Count One of the Information. Such property includes, but is not limited to, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461: (1) a KelTec P11 9mm pistol, bearing serial number AGY55, loaded with 14 rounds of ammunition; (2)

a Taurus model G2C 9mm pistol, bearing serial TMT31937, loaded with twelve rounds of ammunition; (3) a Hi-Point model C9 9mm firearm, bearing serial number P1966900, loaded with five rounds of 9mm ammunition; (4) a SCCY CPX-1 9mm pistol, bearing serial number 764183; (5) a KelTec Sub-2000 9mm rifle, bearing serial number FFKZ82; (6) a Hi-Point model C-9 9mm firearm, with an obliterated serial number, loaded with six rounds of ammunition; (7) a Rossi .38 Special revolver, bearing serial number D343698, loaded with five rounds of ammunition; and (8) a Taurus .38 Special revolver, bearing serial number EI84956, loaded with five rounds of ammunition, (the "Forfeitable Property"), which Balisage acknowledges were involved in the commission of a knowing violation of 18 U.S.C. § 933(a)(1).

In addition, as part of Balisage's acceptance of responsibility and pursuant to 21 U.S.C. § 853, Balisage agrees to forfeit to the United States any and all property constituting or derived from any proceeds Balisage obtained, directly or indirectly, as the result of the violation of 21 U.S.C. § 841 charged in Count Two of the Information, and all of Balisage's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in the Information.

Balisage further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Balisage (the "Money Judgment"). Balisage consents to the entry of an order requiring Balisage to pay the Money Judgment and agrees that such Order will be final as to Balisage prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Balisage's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Balisage further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Balisage waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Balisage understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Balisage's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Balisage waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Balisage also consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 984. Balisage agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent Balisage has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. Balisage further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Balisage further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Forfeitable Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Balisage by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing,

favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Balisage's activities and relevant conduct with respect to this case.

Stipulations

This Office and Balisage will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes the Stipulated Sentence, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, Balisage will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

1) Any proceeding to revoke the term of supervised release.

2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

4) Any claim Balisage pursues in an appropriate forum, when permitted by law, that Balisage received constitutionally ineffective assistance of counsel.

## Immigration Consequences

Balisage understands that, if Balisage is not a citizen of the United States, Balisage's guilty plea to the charged offenses will likely result in Balisage being subject to immigration proceedings and removed from the United States by making Balisage deportable, excludable, or inadmissible, or ending Balisage's naturalization. Balisage understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Balisage wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Balisage's removal from the United States. Balisage understands that Balisage is bound by this guilty plea regardless of any immigration consequences. Accordingly, Balisage waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Balisage also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Balisage. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Balisage from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Balisage and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        ALINA HABBA
        Acting United States Attorney

        <u>/s/ Christopher Fell</u>
        By: Christopher Fell
        Assistant U.S. Attorney

APPROVED:

_____
ELAINE K. LOU
Deputy Chief, Criminal Division

I have received this letter from my attorney, Rahul Sharma, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____            Date: 8-5-2025
Benjamin Balisage


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____            Date: 8/5/25
Rahul Sharma, Esq.
Counsel for Defendant

<u>Plea Agreement with Benjamin Balisage</u>

Schedule A

1. This Office and Benjamin Balisage agree to stipulate to the following facts:

    a. On or about January 17, 2024, in Union County, New Jersey, Balisage transferred a firearm to another individual, knowing that the possession of the firearm by the recipient would constitute a felony.

    b. Specifically, Balisage had reason to believe that the transferred firearm would be used or disposed of unlawfully, within the meaning of U.S.S.G. § 2K2.1(b)(5)(C)(III).

    c. The firearm had an obliterated serial number, within the meaning of U.S.S.G. § 2K2.1(b)(4)(B)(i).

    d. On or about December 6, 2023, December 12, 2023, December 13, 2023, January 3, 2024, and January 24, 2024, Balisage also transferred seven (7) other firearms to other individuals, knowing that the possession of the firearms by the recipients would constitute a felony. Specifically, Balisage had reason to believe that the transferred firearms would be used or disposed of unlawfully, within the meaning of U.S.S.G. § 2K2.1(b)(5)(C)(III). The parties agree that this is relevant conduct for the purposes of sentencing, within the meaning of U.S.S.G. § 1B1.3.

    e. Before on or about December 6, 2023, Balisage had previously been convicted of at least one felony offense for a crime of violence, within the meaning of U.S.S.G. § 2K2.1(a)(4)(A).

    f. On or about December 13, 2023, in Union County, Balisage possessed with the intent to distribute, and distributed, approximately 137 grams of suspected fentanyl and approximately 100 grams of suspected cocaine

    g. Between on or about January 3, 2024, and on or about January 24, 2024, in Union County, Balisage possessed with the intent to sell approximately 100 grams of cocaine and 308 grams of fentanyl.